# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ANGEL LUIS CABASQUINI,
    *Plaintiff*,

v.

NEW HAVEN POLICE DEPARTMENT,
    *Defendant*.

No. 3:19-cv-01873 (JAM)

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Angel Luis Cabasquini is a prisoner of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging that the New Haven Police Department ("NHPD") violated his rights by arresting him under the wrong name. After an initial review, I conclude that the complaint should be dismissed.

### BACKGROUND

The complaint alleges the following facts, which are accepted as true only for purposes of this ruling. On April 23, 2019, Cabasquini was arrested by an Officer Doe, Car #56, in connection with a domestic dispute and brought to the NHPD under the alleged name "William Crespo," which was provided by the alleged victim. Doc. #1 at 4 (¶¶ 1-3). Nobody took his fingerprints at the police station. *Ibid.* (¶ 4). Cabasquini subsequently was arraigned, provided with an inmate ID card, and listed in records—all under the wrong name. *Id.* at 4-5 (¶¶ 4-9). He seeks damages "for emotional distress and mental depression." *Id.* at 5.

### DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss

1

the compliant, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Cabasquini names only the NHPD as a defendant. While a municipality is subject to suit under section 1983, *see Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978), a municipal police department is not, *see Reed v. Hartford Police Dep't*, 2004 WL 813028, at *2 (D. Conn. 2004) (collecting cases). Accordingly, the claim against the NHPD is dismissed.

Even if Cabasquini were to name a proper defendant, it is clear that his claim has no merit. He does not claim that he was falsely arrested or otherwise challenge that there was probable cause for his arrest, but that he was falsely *named* when he was arrested and in subsequent proceedings and documents. If there is probable cause to support the arrest of someone for committing a crime, the Constitution does not require that the police use the person's correct name. *Cf. Brown v. Kramer*, 2009 WL 2190079, at *2-3 (C.D. Cal. 2009) (denying prisoner's challenge to conviction and incarceration under wrong name) (citing *Kaplan*

*v. United States*, 18 F.2d 939, 943 (2d Cir. 1927)). In any event, a review of the state court docket reveals that Cabasquini is now identified by his correct name.[1]

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED with prejudice. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 11th day of December 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[1] The docket also demonstrates that he pleaded guilty to two of the three charges against him arising from his arrest on April 23, 2019. *See Pending Criminal/Motor Vehicle – Search by Defendant Name*, STATE OF CONNECTICUT JUDICIAL BRANCH, www.jud2.ct.gov/crdockets (search Cabasquini, then Case No. N23N-CR19-0221056-S) (last visited Dec. 10, 2019).